**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**B.D., a juvenile, Defendant—Appellant.**

No. 01–30336.
D.C. No. CR–00–00076–DWM.

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 2002.*

Decided May 14, 2002.

Before RYMER, McKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM **

Juvenile B.D. appeals from a term of commitment that the district court imposed following its revocation of B.D.'s probation. B.D. argues that the district court erred in refusing to dismiss the revocation proceeding as a result of the government's admitted violations of 18 U.S.C. § 5035, which requires the government to prevent juveniles from having "regular contact" with adult inmates during prehearing detention, and to accord them appropriate medical care and access to educational opportunities. Assuming without deciding that aggravated, intentional, or egregious violations of § 5035 might constitute grounds for the district court to dismiss a revocation proceeding, see United ed States v. Baker, 10 F.3d 1374, 1397 n. 6 (9th Cir.1993), we conclude that the government's misconduct in this case was neither pervasive nor severe enough to warrant dismissal of the proceeding.

Although B.D. had contact with adults in two separate facilities during the initial phase of his prehearing detention, the government soon remedied most of his complaints. For example, the record does not indicate that he had any contact with adults subsequent to a detention hearing on August 29, 2001, less than two months after he was arrested for violating some of the terms of his probation. And, while we do not condone the government's apparent failure to treat B.D.'s ingrown wisdom teeth and provide him with adequate educational opportunities, those isolated violations of § 5035 were not severe enough to warrant dismissing his revocation proceeding with prejudice.

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

